**E-FILED**
Friday, 11 August, 2006  08:45:18 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ROOSEVELT WELCH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 04-4037 |
| | ) | |
| ALAN UCHTMAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is Petitioner Roosevelt Welch's ("Welch") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, Welch's § 2254 petition [#1] is DENIED.

## BACKGROUND

On April 17, 1995, following a jury trial, Welch was convicted in Rock Island County, of armed robbery, armed violence, and unlawful possession of a controlled substance with intent to deliver.  Welch was sentenced to consecutive thirty year prison terms on the armed robbery and the armed violence convictions.  No sentence was imposed on the unlawful possession with intent to distribute charge because that offense merged into the armed violence conviction.  Welch's co-defendant was found guilty of possession of a controlled substance with intent to deliver.

The facts of the case relevant to this petition are fairly straightforward.  At Welch's trial, a woman named Kathy Robinson testified that on January 3, 1995, Welch, who she knew, arrived at her house and robbed her at gun point.  Robinson gave Welch her purse and Welch

left.  Robinson denied that she had any drugs in her purse at the time of the robbery.  Robinson called the police and told them that Welch had robbed her and that he had entered a black Toyota pick-up truck upon leaving her house.

The police subsequently stopped a black Toyota pick-up truck and observed an individual in the passenger seat bending over.  When the police ordered the occupants out of the truck, the driver of the truck, Welch's co-defendant Jackson, immediately exited from the vehicle.  However, Welch did not immediately depart, but rather appeared to be attempting to conceal something beneath the passenger seat.

The police searched the truck and found a gun.  Additionally, located on the passenger side floorboard was Robinson's purse, a blue nylon bag containing powder and rock cocaine and items used to make rock cocaine, and a purple Crown Royal bag containing both powder and rock cocaine.  Some of the cocaine in the Crown Royal bag was in a "pen shape," which the Government states is a method that dealers often use to allow them to break off pieces to distribute to others when conducting a sale.  The police also recovered plastic baggies, some of which were empty and some of which contained cocaine.

When the police responded to Robinson's house, they discovered a cigarette case on the front porch.  The cigarette case contained cocaine.  During a subsequent search of Robinson's house, the police discovered heroin, marijuana, a scale, and packing materials.  The police also discovered Crown Royal bags.  The discovery of the bags was not revealed to Welch or Jackson prior to trial.

The co-defendants were tried in one proceeding.  At trial, Jackson testified that he did not know anything about the robbery and that he had simply been driving down the street when he saw Welch jogging down the street and waving at him.  Jackson allegedly stopped the truck, spoke to Welch, and agreed to give him a ride.  Jackson and Welch were acquaintances prior to

the date in question. Jackson further testified that the gun, purse, and drugs were not in his truck before he picked up Welch.  Jackson was convicted of possession with the intent to distribute a controlled substance; however, the conviction was reversed by the state appellate court.  The appellate court determined that the existence of the undisclosed Crown Royal bags recovered from Robinson's residence was exculpatory evidence that was material to Jackson's defense that Welch brought the drugs into the truck and that the drugs were there without Jackson's knowledge.

Welch, on the other hand, did not testify at trial and was convicted of all three offenses. On appeal, Welch argued that his trial counsel was ineffective for not opposing the State's motion to join his trial with that of Jackson and because his trial counsel did not move for a severance after hearing Jackson's testimony.   Additionally, Welch argued that the evidence supporting the armed violence conviction was insufficient because there was not sufficient evidence to prove the drug offense, and the trial court erred in imposing consecutive sentences. On July 30, 1997, the state appellate court affirmed Welch's conviction and sentence.

Welch then field a petition for leave to appeal to the Illinois Supreme Court.  In his petition, he challenged the sufficiency of the evidence and the consecutive sentences.  He did not include his ineffective assistance of counsel claim in his petition.

In the spring of 1998, Welch filed a post-conviction petition in the Illinois trial court. Welch argued that (1) his trial counsel was ineffective for not objecting to a joint trial because Jackson's defense was antagonistic to Welch's; (2) Welch was seen in handcuffs by jurors; (3) Welch was refused the right to testify based on his attorney's advice; and (4) the State withheld evidence when they failed to disclose that Crown Royal bags were discovered in Robinson's house.  The trial court conducted a hearing on the petition and Welch testified at the hearing. The trial court then denied the post-conviction petition.

3

Welch appealed the trial court's decision on his post-conviction petition, arguing only that the State failed to disclose exculpatory evidence when it failed to disclose the discovery of the Crown Royal bags at Robinson's house. The state appellate court affirmed the trial court's denial of the post-conviction petition on September 1, 2000.  Welch once again filed a petition for leave to appeal to the Illinois Supreme Court.  The Illinois Supreme Court denied the petition on November 29, 2000.

Welch filed a second post-conviction petition in January 2001.  In his petition, he argued that (1) the trial judge erred in not severing the trials; (2) his counsel on direct appeal was ineffective; (3) his counsel on his first post-conviction petition was ineffective; and (4) the prosecutor knowingly allowed Robinson to commit perjury.  Welch also filed a petition for relief from judgment arguing that his consecutive sentences violated *Apprendi v. New Jersey,* 539 U.S. 466 (2000).  Welch amended his second post-conviction petition in October 2001, arguing that his trial should have been severed from Jackson's, he was denied the right to testify, and he was sentenced in violation of *Apprendi.*

The state trial court denied Welch's second post-conviction petition finding that *Apprendi* did not apply retroactively and that all of Welch's other issues were barred by res judicata. Welch appealed the denial of his second post-conviction petition, arguing only that the trial court erred in refusing to sever his trial from Jackson's.  The state appellate court affirmed the denial of the petition on June 24, 2003.  The state appellate court found that Welch had waived his claim that the trial court erred in refusing to sever and that, even if Welch's ineffective assistance of counsel claim could be considered the "cause" of the waiver, Welch could not show any prejudice to overcome the default.

Welch filed another petition for leave to appeal with the Illinois Supreme Court.  Welch argued that (1) his trial should have been severed from Jackson's; (2) his appellate counsel was

ineffective for not raising this issue on direct appeal; and (3) the trial court addressing his second post-conviction petition erred in determining that review of the majority of his issues was barred by res judicata.  The Illinois Supreme Court denied the petition on December 3, 2003.

Welch filed the instant motion pursuant to 28 U.S.C. § 2254 on April 21, 2004.  Welch initially filed this motion in the Northern District of Illinois; however, the case was transferred to this District because Welch was convicted in Rock Island County, which is located in the Central District of Illinois.  In his petition, Welch argues that (1) the trial court erred in refusing to sever his trial from Jackson's because Jackson's defense was antagonistic to his own; (2) the State's evidence was insufficient to prove that Welch intended to deliver the cocaine; (3) Welch was denied due process when the State failed to disclose that Crown Royal bags had been discovered in Robinson's home; (4) the State's failure to disclose the discovery of the Crown Royal bags in Robinson's home led to Welch improperly being sentenced to consecutive sentences; (5) Welch's trial counsel and appellate counsel were ineffective; (6) the state appellate court erred when it affirmed the trial court's finding that the armed robbery and armed violence crimes were separate courses of conduct because this conflicted with the appellate court's decision in Jackson's appeal; (7) Welch's post-conviction counsel was ineffective on his first post-conviction petition; and (8) Welch's sentence violated *Apprendi*.

On March 24, 2005, the State filed an Answer to Welch's § 2254 petition and Welch filed a timely traverse on May 23, 2005.  Originally, when this case was transferred from the Northern District to the Central District, the case was assigned to the Honorable Joe Billy McDade.  On June 12, 2006, Judge McDade recused himself from this case and the case was reassigned to this Court on June 13, 2006.  As the issues are fully briefed, this Order follows.

## DISCUSSION

Before reaching the merits of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a district court must consider "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his federal claims during the course of the state proceedings." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991), *quoting Henderson v. Thieret*, 859 F.2d 492, 496 (7th Cir. 1988). If the answer to either of these questions is "no," then the failure to exhaust state remedies or procedural default bars the petition. *Id.* In other words, if a petitioner fails to give the state courts a full and fair opportunity to review his claims, then his petition must fail. *Bocian v. Godinez*, 101 F.3d 465, 468–69 (7th Cir. 1996).

Under 28 U.S.C. § 2254(d), a petition must be denied with respect to any claim previously adjudicated on the merits in a state court unless the decision of the state court:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Subsection (d)(1) instructs that Supreme Court precedent governs legal questions. *Id.* at 869. In resolving mixed questions of law and fact, relief is unavailable unless "the state's decision reflects an unreasonable application of the law," meaning federal courts are to have a hands-off attitude unless the state court judgment is premised on an unreasonable error. *Id.* at 870 (internal quotation marks omitted). A responsible, thoughtful decision that is made after a full opportunity to litigate suffices, "even if it is wrong." *Id.* at 871, 876–77. Subsection (d)(2) pertains to a decision constituting an unreasonable determination of the facts, and, according to 28 U.S.C. § 2254(e)(1), factual issues are presumed to be correctly resolved. A

petitioner must rebut this presumption by clear and convincing evidence.   28 U.S.C. § 2254(e)(1).

## A.     Refusal to Sever

Welch's first argument is that he was denied a fair trial because the trial court refused to sever his trial from that of Jackson, despite the fact that Jackson's defense was antagonistic to Welch's.  In response, the State argues that this claim is procedurally barred from federal habeas review because the Illinois state courts dismissed the claim on an independent and adequate procedural state law ground.  Specifically, the State argues that Welch waived this argument because he did not raise it until his second post-conviction petition.[1]  "When the last state court to issue an opinion on a petitioner's federal claim has resolved that claim on an adequate and independent state ground, federal habeas review of the claim is foreclosed."  *Miranda v. Leibach,* 394 F.3d 984, 991 (7th Cir. 2005).  This often occurs when "the petitioner failed to comply with a state procedural rule and the state court relied on that procedural default to refrain from reaching the merits of the federal claim."  *Id.* at 991–92 (citing *Coleman v. Thompson,* 501 U.S. 772, 729–30 (1991).  A federal court may reach the merits of a petitioner's claim despite the state court's procedural ruling if the petitioner can overcome the default by demonstrating cause for his failure to comply with the state rule and prejudice resulting from the default.  *Id.* at 992.  "State court decisions are not adequate to bar federal habeas review unless they rest upon firmly established and regularly followed state practice."  *Franklin v. Gilmore,* 188 F.3d 877, 882 (7th Cir. 1999).  In Illinois, issues which could have been presented on direct appeal or as part of a post-conviction proceeding, but were not, are deemed waived.  *Id.* at 883.  Accordingly, the State

---

[1]   In his direct appeal and his post-conviction petition, Welch argued that his counsel was ineffective for failing to object to the court's decision to join the trials, not that the court's order joining the two was in error.

argues that Welch's argument that the trial court erred in refusing to sever his trial was waived because he did not present this argument on direct review.

In response, Welch argues that the Court should not bar review of this claim because (1) this claim is incorporated with his ineffective assistance of counsel claims that he presented on direct appeal and in his post-conviction petition; and (2) he did not discover the importance of this claim until he learned that the State found Crown Royal bags in Robinson's house.  With respect to Welch's claim that he did not procedurally default this argument because it is incorporated in his ineffective assistance of counsel claim, Welch can only avoid the procedural default by showing that his ineffective appellate counsel was the reason why he did not include this issue on direct appeal or in his post-conviction proceeding and that the failure to do so resulted in prejudice.  Welch appears to be arguing that his ineffective trial counsel was the cause for his failure to include this issue on direct appeal.  However, even assuming that his appellate counsel was ineffective, Welch cannot show that he was prejudiced as a result of the Court's refusal to sever the trials.  Even without considering Jackson's testimony or his "antagonistic" defense, the evidence against Welch was overwhelming.  Robinson testified that she knew Welch, she identified him positively, the police discovered Robinson's purse under the passenger seat in the truck, and Welch was observed attempting to conceal something under the passenger seat when the police approached.  Accordingly, even if Welch's counsel was ineffective for failing to convince the court to sever the trial, an issue which the Court will address later in this order, Welch did not suffer prejudice as a result.  Therefore, Welch's ineffective assistance of counsel argument cannot serve as cause and prejudice to overcome the state court's finding that Welch waived this argument because he did not raise it on direct appeal or in his post-conviction petition.

Welch's second argument is that he can overcome the state procedural obstacle because he did not learn about the discovery of the Crown Royal bags at Robinson's home until the state appellate court issued its opinion in Jackson's case.  Welch argues that the State's suppression of the evidence was the cause of his default because he had no way of knowing about the Crown Royal bags until the appellate court's decision.  Although this could be the cause for Welch's failure to include this claim in his direct appeal, this new evidence cannot be the cause for Welch's failure to include this claim in his first post-conviction petition.  The appellate court decision reversing Jackson's conviction was issued on February 14, 1997.  Welch did not file his post-conviction petition until April or May of 1998.[2]  Accordingly, Welch would have known about the Crown Royal bags for almost one year before filing his first post-conviction petition.  Therefore, he cannot now claim that he was unable to include this claim in his post-conviction petition and therefore he cannot show cause and prejudice for his procedural default.

For the reasons set forth above, the Court finds that Welch waived his argument that the trial court erred in joining his trial with that of Jackson and that Welch has failed to show cause and prejudice to overcome the waiver. Accordingly, Welch is not entitled to relief on this issue.

**B.      Sufficiency of the Evidence**

Welch's second argument is that this Court should grant his § 2254 motion because the State did not have sufficient evidence to prove that he intended to deliver the cocaine.  Welch adequately exhausted his state court remedies on this issue because he included this issue in his direct appeal and in his initial petition for leave to appeal to the Illinois Supreme Court. According to 28 U.S.C. § 2254, this Court will only overturn the state court decision if the decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision

---

[2]  Welch's post-conviction petition was signed by him on April 24, 1998 but filed stamped on May 4, 1998.

that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  In reviewing this issue, the state appellate court stated:

> Welch next maintains that he was not proven guilty beyond a reasonable doubt of the offense of armed violence.  When the sufficiency of the evidence is challenged in a criminal case, the relevant question on appeal is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  Determinations regarding the credibility of witnesses, the weight to be given to their testimony and the reasonable inferences to be drawn from the evidence are the responsibility of the trier of fact.

> The armed violence statute states "A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois law."  In order to convict a defendant of the offense of armed violence, the People must, therefore, prove that a defendant" (1) committed a felony; (2) while armed with a dangerous weapon.  Here, Welch does not dispute that he was "armed with a dangerous weapon."  Instead, he challenges the sufficiency of the evidence that he committed the underlying felony of unlawful possession of a controlled substance with intent to deliver.

> The three elements of the crime of unlawful possession of narcotics with intent to deliver are: the defendant had knowledge of the presence of the narcotics, the narcotics were in the immediate possession or control of the defendant, and that the defendant intended to deliver the narcotics.  In this matter, the fact that narcotics were in the immediate possession or control of Welch is not a subject of dispute in this appeal.

> Welch maintains that the People failed to establish beyond a reasonable doubt that he had knowledge of the presence of the cocaine, or that he had an intent to deliver it.  We disagree.

> The element of knowledge is rarely susceptible of direct proof and may be established by evidence of acts, declarations or conduct of the defendant which support the inference that he knew of the existence of narcotics at the place they were found.

> Here, when viewing the record evidence in the light most favorable to the prosecution, we conclude that the evidence was sufficient to prove the element of knowledge beyond a reasonable doubt.

> The testimony of the arresting officer concerning Welch's conduct in appearing to be hiding the bags containing the cocaine is sufficient for the jury to have inferred

10

knowledge of the presence of the cocaine. Additionally, the determination of whether the accused had the requisite knowledge is a question of fact for the jury, and its determination will not be disturbed on review unless "the evidence is so palpably contrary to the verdict or judgment that it is unreasonable, improbable or unsatisfactory and thus creates a reasonable doubt of guilt.

Likewise, our review of the record, viewing the evidence in the light most favorable to the People, establishes that the prosecution proved beyond a reasonable doubt that Welch intended to deliver the cocaine. Indicia of intent to deliver include, among others (1) whether the quantity of controlled substance in the defendant's possession is too large to be used for personal consumption; (2) the possession of weapons by the defendant; and [sic] (3) the possession of drug paraphernalia; and (4) the manner in which the substance is packaged. Here, each of these indicia were present to amply support the jury's finding that Welch had the requisite intent to deliver necessary to convict him.

*People v. Welch*, No. 3-95-0404, at 8–11 (internal citations omitted).

A state court decision is contrary to Supreme Court precedent if the "state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and reaches a different result. *Williams v. Taylor,* 529 U.S. 362, 404–05 (2000). The appellate court cited to Illinois Supreme Court cases in its analysis and these cases correctly cite the Supreme Court's standard for reviewing the claims regarding the sufficiency of the evidence. In *Jackson v. Virginia*, 443 U.S. 307 (1979), the Supreme Court held that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Johnson*, 443 U.S. at 319.

Here, the state court did not arrive at a conclusion on a question of law contrary to that reached by the Supreme Court. The court properly construed the evidence in the light most favorable to the prosecution found that a jury could have found that Welch intended to distribute a controlled substance. In applying the facts of the case to the law, it is clear that the state court opinion is not an unreasonable application of those facts in light of the evidence presented at

trial.  The facts presented at trial indicated that Welch robbed Robinson at gun point and took her purse.  Welch did not immediately exit from the vehicle when requested by police and was observed attempting to put something under the passenger seat of the truck.  The police then found Robinson's purse on the passenger floorboard along with additional drug paraphernalia and items used in the distribution of crack cocaine.  The manner and amount of the cocaine clearly indicated that Welch intended to distribute the drugs because the quantity was significant enough to lead to a reasonable inference that the drugs were not for personal use.  Finally, the drugs were packaged in such a way as to make distribution easy.  Welch's main argument with respect to this claim is that the State's failure to disclose the discovery of the Crown Royal bags at Robinson's house rendered the evidence submitted insufficient.  Welch appears to be arguing that if the jury had been made aware of the discovery of the Crown Royal bags that it would not have found him guilty because the jury would have concluded that the drugs were not his.  However, this argument was not raised to the state appellate court and therefore this court cannot address that issue in this context.  This Court will address the failure of the State to turn over evidence later in this order; however, because that fact was not known to the appellate court at the time that it rendered its decision, the appellate court's decision was not an unreasonable application of law.

### C.       State's Failure to Disclose Evidence

Welch's third argument is that he was denied due process when the State failed to disclose the fact that it had discovered Crown Royal bags during the search of Robinson's house. Welch contends that the disclosure of this evidence would have supported a defense theory that the drugs were already in the truck prior to the time that he got in the truck.  Welch bases this argument on his assertion that Jackson and Robinson were lovers and that Jackson was

Robinson's drug dealer.  Welch raised this argument in his first post-conviction petition, in his appeal of the denial of his post-conviction appeal, and in his petition for leave to appeal the denial of the post-conviction petition to the Illinois Supreme Court.  The state appellate court addressing affirming Welch's denial of post-conviction relief was the last state court to address this issue.  In its opinion, the court stated:

> The failure to disclose to the defendant the existence of exculpatory evidence violates the defendant's due process rights.  *Brady v. Maryland,* 373 U.S. 83 (1963).  A *Brady* violation consists of three components: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willingly or inadvertently; and (3) the evidence must have been material either to guilt or to punishment.  Evidence is material if there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different.  *See Strickler v. Greene,* 527 U.S. 263 (1999).

> In this case, the evidence allegedly withheld from the defendant was the fact that Crown Royal bags similar to the one found in the truck with Jackson and the defendant were found in the victim's home.  Defendant asserts that this evidence would have supported an argument that the drugs were in the vehicle before he entered it.  Defendant contends that he could have argued that Jackson was the victim's drug supplier and "then it was likely that he used Royal Crown [sic] bags in his trade and that the one found in [the victim's] apartment had been supplied by Jackson."

> In our opinion, the existence of Crown Royal bags at the victim's apartment offers little support for defendant's theory.  Even assuming that Jackson supplied drugs to the victim, there is no evidence linking <u>Jackson</u> to the use of Crown Royal bags.  Defendant's argument is nothing more than speculation.  Moreover, the existence of Crown Royal bags at the victim's apartment is <u>inculpatory</u> rather than exculpatory, because it raises an inference that the bag found in the car was obtained from the apartment during the robbery.

> Alternatively, defendant maintains that he could have argued that one or both of the bags containing drugs had been in the victim's purse and that he had no knowledge of the contents of those bags.  According to the defendant, evidence tending to establish that the victim and Jackson were drug dealers who used Crown Royal bags as containers would have enabled the defendant to make a "compelling argument" that he had not knowledge of the drugs.  We disagree.

> First, the victim's possession of Crown Royal bags does not, except in a most oblique fashion, tend to establish that Jackson and the victim were drug dealers

who used the bags as container. Second, although the existence of other Crown Royal bags at the victim's resident does suggest that the bag found in the car was taken during the robbery, the bags reveal <u>nothing</u> about defendant's knowledge of the contents of the bag he took. In determining whether the defendant knew of the drugs at the time of the robbery, or discovered them later, or never learned of their existence, the fact that the victim had other similar bags is completely irrelevant. Third, even if the bags could somehow be construed as exculpatory, we do not believe they were material. Evidence is material if there is a reasonable probability that the result of the trial would have been different if it had been disclosed. *Strickler,* 527 U.S. at 263. Even if we were to assume that the undisclosed evidence would have cast some doubt on defendant's possession of the drugs in the Crown Royal bag, given the testimony concerning defendant's furtive movements and the additional drugs contained in the unzipped blue nylon bag, we do not believe that there is any <u>reasonable</u> probability that the result of defendant's trial would have been different.

*People v. Welch,* No. 3-99-0086 (emphasis in original).

Welch does not argue that the state court used the wrong legal standard; however, Welch argues that the state court reached the wrong result when it determined that the undisclosed evidence was not exculpatory or material. Regardless of whether this Court agrees with the state court decision, the state court's application of the *Brady* standard to the facts of the instant case was not unreasonable. If the evidence had been disclosed, this court agrees that it was much more likely that this would lead the jury to infer that Welch stole the Crown Royal bag from Robinson's house, not that the drugs were already in the truck at the time that he got it. Moreover, this Court agrees with the state court that this evidence was not material because it is extremely unlikely that the outcome of the trial would have been different if the evidence was disclosed. The evidence against Welch was overwhelming. First, Robinson testified that Welch, who she was familiar with, robbed her at gunpoint and took her purse. Second, the police officers observed Welch attempting to conceal something under the passenger seat of the truck and subsequently found the purse and bags on the passenger seat floorboard. Third, Welch was not able to make any connection between Jackson and the drugs, other than mere speculation. Accordingly, the state court's decision that Welch was not denied a fair trial when the State

failed to disclose the discovery of the Crown Royal bags was not an unreasonable application of the standards set forth by the Supreme Court.

**D.     Consecutive Sentences**

Welch's fourth argument is that the trial court erred in sentencing him to consecutive sentences based on his armed robbery and armed violence convictions. Welch argues that if the State had disclosed the discovery of the Crown Royal bags, the Court would have found that the armed robbery and armed violence offenses occurred during the same course of conduct and therefore he would be entitled to concurrent sentences. A petitioner must give the state courts "one full opportunity to resolve any constitutional errors by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 846 (1999). In this case, Welch included this issue in his second post-conviction petition and in his petition for leave to appeal the denial of his second post-conviction petition. However, Welch never raised this issue in his appeal of his denial of his second post-conviction petition. Accordingly, the state courts did not have "one full opportunity" to address this issue as the state appellate court was never able to address this claim. Therefore this issue is procedurally defaulted and cannot be reviewed on a § 2254 motion unless Welch can demonstrate cause and prejudice for the default. Welch does not argue that he had cause for procedurally defaulting this claim and therefore this claim is procedurally defaulted. Moreover, as the State points out in its brief, federal habeas review is not warranted on this issue because this issue pertains to the application of an Illinois statute and not constitutional law. Accordingly, this argument cannot provide Welch with any relief.

**E.     Effectiveness of Trial Counsel**

Welch's fifth argument is that his trial counsel was ineffective because he failed to investigate the strange circumstances of this case and because his attorney refused to allow him

to testify. In response to this claim, the State argues that Welch procedurally defaulted this claim because he did not provide the state courts with one full opportunity to address this issue. Additionally, the State argues that even if this claim was not procedurally defaulted, Welch's claims do not have merit because he cannot demonstrate that he suffered actual prejudice as required by *Strickland v. Washington,* 466 U.S. 668 (1984).

Upon review, it is evident that Welch procedurally defaulted his ineffective assistance of trial counsel claims. On direct appeal, Welch's only ineffective assistance of counsel claim that his counsel was ineffective was based on his assertion that his attorney should have objected to the order joining Welch's trial with Jackson's. Although Welch argued that his trial counsel was ineffective because he refused to allow Welch to testify in his first post-conviction motion, he did not raise this issue in his appeal of the denial of his post-conviction motion or in his second post-conviction motion. Accordingly, Welch has procedurally defaulted his claim that his trial counsel was ineffective for refusing to allow Welch to testify.

With respect to Welch's claim that his counsel was ineffective for failing to fully investigate the strange circumstances of this case and to move for a severance, this claim was also procedurally defaulted. Welch included this argument in his direct appeal; however, he did not include it in his petition for leave to appeal to the Illinois Supreme Court. Additionally, this claim was not included in his second post-conviction petition. Welch's failure to include this issue in his petition for leave to appeal or in his second post-conviction petition prevented the state courts from having a full opportunity to address this issue. Therefore, Welch's ineffective assistance of trial counsel claim was procedurally defaulted and it not reviewable in a § 2254 motion.

**F.      Effectiveness of Appellate Counsel**

Welch also argues that his appellate counsel was ineffective because his appellate counsel failed to argue that his trial counsel was ineffective, failed to argue that the trial judge abused his discretion in refusing to sever the trials, and should have filed a motion for rehearing after the appellate court issued the opinion in Jackson's case which conflicted with Welch's case.  Welch did not argue that his appellate counsel was ineffective in his first post-conviction petition. Additionally, although he did raise this issue in his second post-conviction petition, he only argued that his appellate counsel was ineffective for failing to argue that the trial court abused its discretion by refusing to sever the two cases.  He did not raise the other issues that he presents here and therefore those issues are procedurally defaulted.

With respect to his claim that his appellate counsel was ineffective for failing to argue that the trial court abused its discretion by refusing to sever the two cases, Welch properly raised this issue in the appeal of the denial of his second post-conviction and in his petition for leave to appeal to the Illinois Supreme Court.  Accordingly, Welch has properly exhausted his state court remedies.  However, Welch procedurally defaulted this claim because he did not raise it in his initial post-conviction petition.  As the Illinois appellate court noted in the decision on Welch's second post-conviction petition:

> The defendant submits that the trial court abused its discretion by failing to sever his case from Jackson's case and that his previous appellate attorneys were ineffective by failing to raise this issue.  The State contends that the defendant's contentions are bared because he raised them in a successive postconviction petition.  We agree with the State.
>
> Generally, the Post-Conviction Hearing Act (725 ILCS 5/122 - - 1 <u>et</u> <u>seq</u>. (West 2000)) contemplates the filing of only one postconviction petition. Postconviction relief is limited to constitutional issues that neither have been, nor could have been, previously adjudicated.  All matters that were actually decided previously <u>res</u> <u>judicata</u>.  Those issues that could have been raised previously, but were not, are deemed waived.  <u>People v. Thompson</u>, 331 Ill. App. 3d 948, 773 N.E.2d 15 (2002).  We review <u>de</u> <u>novo</u> a trial court's decision to deny a

postconviction petition without an evidentiary hearing.  People v. Lucas, 203 Ill. 2d 410, 787 N.E.2d 113 (2003).

Recently, the Illinois Supreme Court announced an exception to the rule that waiver bars a defendant from raising an issue for the first time in a successive postconviction petition.  In People v. Pitsonbarger, No. 89368 (May 23, 2002), the court held that a waived issue may be raised in a successive postconviction petition because of fundamental fairness only if the issue passes a two-part "cause" and "prejudice" teat.  "Cause" can be shown if some objective factor, external to the defense, impeded the defendant's counsel from raising the issue in an earlier proceeding.  "Prejudice" refers to an error that so infected the trial that the defendant was denied due process in his conviction or sentencing.

In the instant case, the record indicates that the precise issue of whether the trial court abused its discretion by failing to sever the defendant's case from Jackson's case was not raised in any previous appellate or postconviction proceeding. Therefore, this issue is not barred by res judicata.  However, it is deemed waived.

Under Pitsonbarger, this issue can survive waiver only if it can pass the "cause" and "prejudice" test.  The defendant has not alleged any objective factor, external to the defense, which impeded the defendant's attorneys from raising the severance issue in an earlier proceeding. Thus, the defendant's contention fails the "cause" portion of the Pitsonbarger test.

Assuming, arguendo, that failure of the defendant's previous appellate attorneys to raise this issue was ineffectiveness of counsel, the defendant must show "prejudice." However, the defendant cannot show that he was denied due process in his conviction or sentencing because the evidence against him was overwhelming. Robinson testified that she was robbed at gunpoint during a face-to-face encounter with the defendant. She positively identified him at trial as the robber. The physical evidence of the robbery was found on the passenger side of the. truck where the defendant was riding. Therefore, even if the defendant's previous appellate attorneys were shown to have been ineffective by failing to raise the severance issue, these arguments cannot survive the "prejudice" prong of the Pitsonbarger test.

(People v. Roosevelt Welch, 3-02-0131, June 24, 2003.)

The Illinois appellate court clearly found that Welch had waived his claim that his appellate counsel was ineffective because he did not raise the issue in his initial post-conviction petition and was unable to demonstrate cause and prejudice for the waiver.  Accordingly, this Court is prevented from reviewing this claim unless Welch can show cause for his the procedural default and that he will suffer prejudice as a result of the default.  Welch's only argument that he

had "cause" for failing to include his ineffectiveness of appellate counsel in his first post-conviction proceeding, which subsequently resulted in the appellate court finding that Welch waived this issue in his second post-conviction, was the failure of the State to disclose the discovery of the Crown Royal bags. However, as stated previously in this Order, the appellate court's decision reversing Jackson's conviction because of the subsequent disclosure of the Crown Royal bags was issued over one year before Welch filed his post-conviction petition. Accordingly, Welch had the opportunity to raise this issue in his first post-conviction petition and therefore this cannot serve as cause for the procedural default. As Welch cannot demonstrate cause and prejudice for failing to include this issue in his first post-conviction petition, Welch has procedurally defaulted this claim.

## G.    Separate Courses of Conduct

Welch's seventh argument is that he was denied due process and equal protection when the state appellate court affirmed the trial court's finding that the armed robbery and armed violence convictions were separate courses of conduct. Welch bases this argument on the fact that this ruling conflicted with the appellate court's ruling in Jackson's appeal. This argument is essentially the same argument that Welch raised with respect to the trial court's decision to sentence him to consecutive sentences; however, here, he is arguing that the appellate court erred in affirming the trial court's decision. Welch argues that if the State had disclosed the discovery of the Crown Royal bags, the Court would have found that the armed robbery and armed violence offenses occurred during the same course of conduct and therefore he would be entitled to concurrent and not consecutive sentences. Similar to his argument about the trial court, Welch did not properly exhaust his state court remedies before raising this argument in his § 2254 motion. Specifically, Welch presented this claim in his second post-conviction petition and again in his petition for leave to appeal to the Illinois Supreme Court. However, he did not raise

this issue in his appeal of the denial of his post-conviction petition and therefore the state courts did not have a full and fair opportunity to address the claim. Accordingly, Welch has procedurally defaulted this claim.

## H.   Effectiveness of post-conviction counsel

Welch argues that his attorney on his first post-conviction petition was ineffective because he did not contact the attorney who represented Jackson in the original trial. Welch contends, and has submitted an affidavit confirming, that Jackson's attorney overheard him tell his own attorney at trial that he wanted to testify. As a result, Welch now argues that his post-conviction counsel was ineffective because he did not contact Jackson's attorney. Welch is not entitled to any relief on this issue because "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under 2254." 28 U.S.C. § 2254(i).

## I.   Consecutive sentences under *Apprendi*

Welch's final argument is that the imposition of consecutive sentences in this case violated the Supreme Court's holding in *Apprendi v. New Jersey,* 539 U.S. 466 (2000). The State argues that Welch procedurally defaulted this claim because (1) he did not raise it in his appeal of the denial of his second post-conviction petition; (2) *Apprendi* cannot offer Welch any relief because it is not retroactive; (3) Welch's claim is not cognizable under *Apprendi* because his direct appeal ended prior to *Apprendi* being decided; and (4) consecutive sentences do not violate *Apprendi*. The Court agrees that Welch procedurally defaulted this claim. Although he raised this issue in his second post-conviction petition and in his petition for leave to appeal the denial of his second post-conviction petition to the Illinois Supreme Court, he did not raise this issue to the appellate court reviewing the denial of the petition. Accordingly, Welch procedurally defaulted this issue. Moreover, even if Welch had not procedurally defaulted this

claim, for *Apprendi* purposes, *Apprendi* would not offer him any relief because his conviction became final in 1998, when the time period for appealing to the United States Supreme Court expired.  *Apprendi*, on the other hand, was not decided until 2000.  Furthermore, the Seventh Circuit has found that *Apprendi* is not retroactive to cases on collateral review.  *Curtis v. United States,* 294 F.3d 841, 842 (7th Cir. 2002).  Accordingly, even if Welch did not procedurally default this claim, he would not be entitled to relief.

## CONCLUSION

For the reasons set forth above, Welch's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#1] is DENIED.

ENTERED this 10th day of August, 2006.

                                          s/Michael M. Mihm
                                          Michael M. Mihm
                                          United States District Judge